**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAYMOND RICHARD WHITALL, | No. 19-16397 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05889-CRB |
| v. | MEMORANDUM[*] |
| STEPHANIE TRAN PHAN, M.D., Primary Care Physician, CDCR; et al., | |
| Defendants-Appellees, | |
| and | |
| A. NEWTON; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted September 8, 2020[**]

Before:    TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

California state prisoner Raymond Richard Whitall appeals pro se from the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc). We reverse and remand.

The district court granted summary judgment for failure to exhaust administrative remedies on Whitall's morphine discontinuation claim. However, defendants concede in their answering brief that summary judgment on this claim was in error, because the record shows that Whitall's grievance regarding his morphine discontinuation claim was cancelled, and a prison administrator informed him that this claim would be addressed in another grievance. *See Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005) ("[A] prisoner need not press on to exhaust further levels of review once he has . . . been reliably informed by an administrator that no remedies are available."). We reverse the judgment and remand for further proceedings on this claim only.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**REVERSED and REMANDED.**